GREEN CONSTRUCTION
COMPANY, Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE,
et al., Defendants.

No. 89–0981–CV–W–4.

United States District Court,
W.D. Missouri,
Western Division.

Oct. 24, 1996.

Dale R. Martin, Joseph J. Strauss, Barokas & Martin, Seattle, WA, Art Stone, Pistorius & Stone, Dallas, TX, Patrick L. Dunn, Dunn & Keller, L.C., Kansas City, MO, Patrick E. Hartigan, Kansas City, MO, for Green Const. Co.

Lewis Melahn, Div. of Ins. State of Mo., Jeferson City, MO, Thomas R. Larson, Larson & Larson, Kansas City, MO, for National Union Fire Ins. Co. of Pittsburgh, PA.

*ORDER*

FENNER, District Judge.

On July 30, 1991, Judge Elmo Hunter entered an order in the above-styled case granting summary judgment to plaintiff on counts I, II, and IV, denying count III as moot; and denying defendant National Union Fire Insurance's ("National's") motion for summary judgment in its entirety. National filed a motion for reconsideration of summary judgment contending that Judge Hunter's order entering summary judgment against it was the most dramatic expansion of an insurance company's liability on the topic anywhere in the United States and that the decision had no basis in law. Subsequently, on March 12, 1992, Judge Hunter entered an order dismissing as moot, pursuant to agreement of the parties, "all pending motions before this Court except defendant National Union's motion for reconsideration of summary judgment." In that same order, Judge Hunter stayed all proceedings in the case, pending the outcome of the underlying litigation, *Green Construction Co. v. Kansas Power & Light,* which at that time was pending on appeal in the United States Court of Appeals for the Tenth Circuit. On July 21, 1993, the Tenth Circuit Court of Appeals issued its decision in the underlying litigation, which is now final. *Green Construction Co. v. Kansas Power & Light,* 1 F.3d 1005 (10th Cir.1993). Subsequently, Judge Hunter relinquished his caseload and the above-styled case was transferred. On August 14, 1996, this Court issued an order lifting the stay in the case and requiring the parties to notify the Court whether a ruling on National's Motion for Reconsideration of Summary Judgment was still necessary and stating that failure to notify the Court would result in denial of National's motion for reconsideration and dismissal of the case.

National responds to this Court's show cause order by stating that the above-styled case has been settled but that the case should not be dismissed until Judge Hunter's order entering summary judgment against National is vacated. In support of its contention, National states that prior to entering into settlement discussions, the parties discussed with Judge Hunter the importance which defendant placed upon obtaining relief from Judge Hunter's order. Furthermore, National states that Judge Hunter specifically agreed to vacate his order to expedite settlement of the case. National also submits an excerpt from the parties' settlement agreement which indicates that as part of the settlement agreement the parties agreed to seek vacation of Judge Hunter's order once the Tenth Circuit handed down it decision in the underlying litigation or upon the conclusion of plaintiff's negotiations with the excess insurance carrier, whichever event occurred first. The agreement also states that both parties understand that Judge Hunter agreed to vacate his order. Plaintiff asserts *that it agreed to consider moving for vacation of Judge Hunter's order only after all matters were resolved with the excess insurance carrier.* Plaintiff's contention, however, is contrary to the parties' written settlement agreement.

Considering the fact that the above-styled case has been settled, this Court sees no reason to delay the vacation of the order entering summary judgment against National. For the foregoing reasons, it is hereby

ORDERED that the Memorandum Opinion and Order granting summary judgment in the above-styled case [Doc. # 83] entered on July 30, 1991 and reported at 771 F.Supp. 1000, is VACATED. Accordingly, the order should not be relied upon for the propositions of law stated therein. It is further ORDERED that the above-styled case is DISMISSED.

IT IS SO ORDERED.